IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **BAMA HOMES AND RENTALS, LLC,** | § | |
| **KEITH REALTY, INC.** | § | |
| **And LAKISHA CURTIS** | § | |
| | § | |
| **DEFENDANTS.** | § | |

_____

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**
_____

Plaintiff Crum & Forster Specialty Insurance Company ("CFSIC") files this Original Complaint for Declaratory Judgment against Defendants Bama Homes and Rentals LLC ("Bama Homes"), Keith Realty, Inc. ("Keith Realty") and Lakisha Curtis (collectively, "Defendants") seeking a declaration that CFSIC does not owe a duty to defend or indemnify Bama Homes and Keith Realty against the claims asserted in a lawsuit styled, *Lakisha Curtis v. Bama Homes and Rentals LLC, Keith Realty, Inc. et al.*; Case No. CV-2026-900996; In the Circuit Court for Mobile County, Alabama (the "Underlying Lawsuit"). CFSIC respectfully shows as follows:

**I.**
**PARTIES**

1.       CFSIC is a foreign insurer doing business in Alabama. CFSIC is incorporated in the State of Delaware with a statutory home office in Delaware and main administrative office in Morristown, New Jersey.

2.       CFSIC alleges upon information and belief that Bama Homes is a domestic limited liability company registered to do business in the State of Alabama. CFSIC alleges upon

information and belief that Bama Homes' owner, sole and managing member, Ms. Jacquelyn Nicole Sukkary, is a citizen of the state of California. Bama Homes may be served with process by serving its registered agent for service, Delaware Business Filings Incorporated, at 2 North Jackson, Suite 605, Montgomery, Alabama 36104.

3.     CFSIC alleges that upon information and belief, Keith Realty is a domestic corporation registered to do business in the state of Alabama. Keith Realty may be served with process by serving its Owner/Managing Broker, Jonathan Keith, at 13 S. Florida St., Mobile Alabama 36606 or wherever he may be located.

4.     CFSIC alleges that upon information and belief, Lakisha Curtis is an individual who resides in Mobile County, Alabama and a citizen of the state of Alabama. Ms. Curtis may be served at 73 Mack Street, Mobile, Alabama 36607 or wherever she may be located.

## II.
## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6.     In addition, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because CFSIC and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs. CFSIC is a citizen of the States of Delaware and New Jersey. The Defendants are citizens of Alabama and California.

7.     Additionally, CFSIC issued a commercial general liability policy to Bama Homes with limits of insurance of $1,000,000 per each occurrence. CFSIC alleges upon information and belief that the Underlying Lawsuit seeks monetary relief, including compensatory and punitive damages, in excess of $75,000.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the Underlying Lawsuit was filed in Mobile County, Alabama, which falls within this District and this Division and where a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred. Venue is additionally proper in this District and this Division under 28 U.S.C. § 1391(a)(1) because Keith Realty's office is located in Mobile, Alabama and Lakisha Curtis is a resident of Mobile County, Alabama, which falls within this District.

**III.**
**FACTUAL BACKGROUND**

**A.      A SUMMARY OF THE UNDERLYING LAWSUIT**

9.      This coverage dispute arises out of the Underlying Lawsuit for alleged personal injuries sustained by Lakisha Curtis, after she allegedly fell through rotting wooden stairs at a rental home owned by Bama Homes and managed by Keith Realty.

10.      Ms. Curtis filed the Underlying Lawsuit on April 2, 2026, and amended her complaint on May 20, 2026. In her First Amended Complaint, Ms. Curtis alleges that on or about August 4, 2025, she was renting the premises located at 73 Mack Street in Mobile, Alabama 36607 (the "Premises"). She alleges the Premises were owned by Bama Homes and managed by Keith Realty and subject to their control. She alleges that both Bama Homes and Keith Realty were therefore responsible for the maintenance and upkeep of the Premises, including the area containing the wooden back deck stairs. Ms. Curtis alleges that on August 4th, she was walking on the back deck stairs when she fell through due to their "rotting condition." She alleges that Bama Homes and Keith Realty had been previously notified of the condition of the stairs but failed to repair it within a reasonable time.

11.      Ms. Curtis asserts causes of action against Bama Homes and Keith Realty for negligence, negligence per se, wantonness, and breach of implied warranty of habitability. She

also asserts these same claims against any fictitious defendants yet known, whose conduct may have contributed to her alleged injuries.

12.    Ms. Curtis alleges that the failure of Bama Homes and Keith Realty to properly repair and maintain the stairs created a dangerous condition that they knew about but failed to remedy in the exercise of ordinary care and in wanton disregard of her rights and safety. She alleges that the failure to remedy the dangerous condition also violated certain laws, statutes and/or ordinances designed to prevent the type of injuries she sustained and protect the class of persons of which she is a member. Finally, she alleges the rotting and severely deteriorated condition of the back deck stairs constituted a material defect that rendered the Premises unfit and unsafe for habitation in violation of the implied warranty of habitability imposed by Alabama's Uniform Residential Landlord and Tenant Act. Ms. Curtis seeks recovery of compensatory and punitive damages, attorney's fees and costs.

13.    CFSIC is currently providing a defense to its named insured, Bama Homes, and to its named insured's real estate manager, Keith Realty, subject to full and complete reservation of rights.

B.    A SUMMARY OF THE POLICY

14.    CFSIC issued Policy No. BAS-54497-1, a commercial general liability policy, to Bama Homes, for the policy period of April 09, 2025 to April 9, 2026 (the "Policy"). The Policy includes an Each Occurrence Limit of $1,000,000. The pertinent insuring agreement is contained in the Commercial General Liability Coverage Form [CG 00 01 12 07] as amended by endorsement. The Policy includes the following "Maintenance and Habitability Exclusion" Endorsement [SB574 (12 24)], which states in relevant part as follows:

---

### MAINTENANCE AND HABITABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is added:

This insurance does not apply to and we shall have no duty to defend or indemnify:

1. Any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief alleging "bodily injury", "property damage", or "personal and advertising injury" arising out of the insured's failure to maintain any premises, site or location in a tenantable, habitable, livable or usable condition and/or for which a claim is made or "suit" filed alleging actual or constructive wrongful eviction, violation or {sic}any rent stabilization laws and ordinances, and/or violation of any local, state, and/or federal code, law ordinance, statute, rule or regulation, that relates to the tenantability, habitability, condition, maintenance or upkeep of any premises, site or location, whether this:

    a. Arises in whole or in part out of claims and/or allegations that any part of the premises, site or location is/was untenantable, not habitable and/or was improperly maintained;

    b. Arises out of a chain of events which includes a claim that any part of the premises, site or location is/was untenantable, not habitable and/or was improperly maintained, regardless of whether the tenantability maintenance and habitability claim is the initial precipitating event or a substantial cause of the alleged damage or injury; or

    c. Arises out of a claim that any part of the premises, site or location at issue is/was untenantable, not habitable and/or was improperly maintained as a concurrent cause of injury, regardless of whether the tenantability, maintenance and habitability claim is the proximate cause of damage or injury.

2. Any other claim that is alleged in any claim or "suit" that also alleges any matter set forth in Paragraph **1.** above.

### ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

15.    The Maintenance and Habitability Exclusion bars coverage for "any claim … [or]

suit … arising out of the insured's failure to maintain any premises, site or location in a tenantable,

_____

habitable, livable or usable condition." The Underlying Lawsuit alleges the known rotting and severely deteriorated condition of the back deck stairs and the negligent or wanton failure of Bama Homes and Keith Realty to repair or remedy this condition constituted a material defect that rendered the Premises unfit and unsafe for habitation in violation of the implied warranty of habitability. To the extent underlying claims arise from the alleged "habitability" of the Premises, they are excluded by the Maintenance and Habitability Exclusion.

16.     The Maintenance and Habitability Exclusion also extends to a claim or suit alleging statutory violations that relate not only to "tenantability" or "habitability," but also to the "condition, maintenance or upkeep of any premises, site or location." Further, the exclusion applies regardless of whether a tenantability or habitability claim gives rise, in whole or in part, to the violation, is the initial precipitating event or a substantial cause of the alleged injury in a chain of events or is a concurrent cause of injury. The Underlying Lawsuit alleges statutory violations based on improper maintenance. The Maintenance and Habitability Exclusion therefore bars coverage for the underlying claims regardless of whether they also involve tenantability or habitability claims.

## IV.
## DECLARATORY RELIEF AS TO THE DUTY TO DEFEND

17.     CFSIC re-alleges and incorporates by reference paragraphs 1-16.

18.     An actual controversy of a justiciable nature presently exists between CFSIC, Bama Homes, and Keith Realty concerning the rights and obligations under the Policy with respect to CFSIC's duty to defend Bama Homes and Keith Realty against the claims asserted by Ms. Curtis in the Underlying Lawsuit.

19.     The Underlying Lawsuit alleges the known rotting and severely deteriorated condition of the back deck stairs constituted a material defect that rendered the Premises unfit and

unsafe for habitation in violation of the implied warranty of habitability. To the extent underlying claims arise from the alleged "habitability" of the Premises, they are excluded by the Maintenance and Habitability Exclusion.

20.    The Underlying Lawsuit alleges statutory violations based on improper maintenance. The Maintenance and Habitability Exclusion therefore bars coverage for the underlying claims regardless of whether they also involve tenantability or habitability claims.

21.    Accordingly, CFSIC seeks a judicial determination that it has no duty to defend Bama Homes and Keith Realty against the claims asserted by Ms. Curtis in the Underlying Lawsuit.

## V.
## DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY

22.    CFSIC re-alleges and incorporates by reference paragraphs 1-21.

23.    Since the duty to defend is broader than the duty to indemnify, if there is no duty to defend, then there is also no duty to indemnify. *See Auto-Owners Ins. Co. v. McMillan Trucking Inc.,* 242 F. Supp. 3d 1259, 1266 (N.D. Ala. 2017) ("The duty to defend is broader than the duty to indemnify, and as there is no duty to defend in this case, there is also no duty to indemnify."); *see also Harleysville Mut. Ins. Co. v. Dapper, LLC*, No. 2:09-CV-794-TFM, 2010 WL 3038929, at *1 (M.D. Ala. Aug. 3, 2010) ("… since the duty to defend is broader than the duty to indemnify, it is 'axiomatic that if there is no duty to defend then there is also no duty to indemnify.'").

24.    An actual controversy of a justiciable nature presently exists between CFSIC and Bama Homes and Keith Realty concerning the rights and obligations under the Policy with respect to CFSIC's duty to indemnify Bama Homes and Keith Realty against the claims asserted by Ms. Curtis in the Underlying Lawsuit.

_____

25.     The Underlying Lawsuit alleges the known rotting and severely deteriorated condition of the back deck stairs constituted a material defect that rendered the Premises unfit and unsafe for habitation in violation of the implied warranty of habitability. the Maintenance and Habitability Exclusion bars coverage for claims arising from the alleged "habitability" of the Premises.

26.     The Underlying Lawsuit also alleges statutory violations based on improper maintenance. The Maintenance and Habitability Exclusion bars coverage for these claims regardless of whether they also involve tenantability or habitability claims.

27.     Since there is no duty to defend Bama Homes and Keith Realty under the facts alleged in the Underlying Lawsuit based on the Maintenance and Habitability Exclusion, CFSIC contends that it likewise owes no duty to indemnify Bama Home and Keith Realty.

## VI.
## **JURY TRIAL**

28.     Pursuant to Federal Rule of Civil Procedure 38, CFSIC requests a jury trial on all issues so triable.

## VII.
## **PRAYER**

Based upon the foregoing, Plaintiff Crum & Forster Specialty Insurance Company prays:

1.     That the Court issue a declaration that CFSIC has no duty to defend Bama Homes or Keith Realty under the Policy against the claims asserted in the Underlying Lawsuit;

2.     That the Court issue a declaration that CFSIC has no duty to indemnify Bama Homes or Keith Realty under the Policy against the claims asserted in the Underlying Lawsuit;

3.     Award CFSIC all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

 */s/ William Ken Tapscott, Jr.*
WILLIAM KEN TAPSCOTT, JR.
SBN: 4583S52W
ktapscott@thompsoncoe.com
CHRISTINA A. CULVER (*PRO HAC VICE FORTHCOMING*)
SBN: 24078388
cculver@thompsoncoe.com
RODRIGO "DIEGO" GARCIA, JR. (*PRO HAC VICE FORTHCOMING*)
SBN: 00793778
dgarcia@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, TX 77027
Telephone: (713) 403-8282
Facsimile: (713) 403-8299

**ATTORNEYS FOR PLAINTIFF**
**CRUM & FORSTER SPECIALTY**
**INSURANCE COMPANY**